**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

KENIDES ELIECER CORONA CORONA (A-No. 244-297-150),

Petitioner,

v.

WARDEN OF THE CENTRAL VALLEY ANNEX ICE DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-06781-JLT-SAB

ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Docs. 1, 2)

Before the Court is Kenides Eliecer Corona Corona's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition.

## I. FACTUAL BACKGROUND

Petitioner is from Venezuela. (Doc. 1 at 2.) In December 2023, Petitioner immigrated to the United States, where he was encountered by Customs and Border Protection and released on his own recognizance. (*Id*. at 9, 12; *see also* Doc. 9 at 20.) That day, Department of Homeland Security issued a Notice to Appear charging Petitioner as removable under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. (Doc. 9 at 20–23.) Petitioner later applied for asylum relief. (Doc. 1 at 11, 12.) In May 2025, Petitioner applied for, and was

granted, work authorization. (*See* Doc. 9 at 5.) Petitioner's removal proceedings and asylum application remain pending, and he is not subject to a final order of removal.[1]

On March 25, 2026, Petitioner was arrested for continuous violence against his family in violation of Tex. Pen. Code § 25.11(e). (Doc. 9 at 13–14.) That charge was held. (*Id*. at 14.) On April 15, 2026, Petitioner was charged with assault causing bodily injury against his family under Tex. Pen. Code § 22.01(a)(1). (*Id*.) On June 10, 2026, Petitioner was convicted of this offense after entering a nolo contendere plea. (*Id*. at 14–15, 17.) Apart from these charges, Petitioner has no other criminal history. (*Id*. at 5, 14–15.) On June 12, 2026, ICE arrested the Petitioner after lodging a detainer with local police. (*See id*. at 5; Doc. 1 at 19.) In doing so, ICE issued an I-200 administrative warrant for Petitioner's arrest. (Doc. 9 at 25.) Petitioner was transferred to the Central Valley Annex Detention Facility in McFarland, California, where he remains. (Doc. 1 at 2.)

On July 20, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his due process rights have been violated.[2] (Doc. 1 at 25–27.) On September 15, 2026, Respondents filed an opposition, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as an "arriving alien," but conceding that under *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), Petitioner is entitled to a bond hearing. (Doc. 9 at 1.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens

[1] Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information confirms that Petitioner is not currently subject to an order of removal. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited September 28, 2026).

[2] Because the Court grants in part Petitioner's habeas petition on procedural due process grounds, the Court declines to address Petitioner's additional claims for relief. (*See* Doc. 1 at 27–29.)

in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See* Doc. 9 at 1.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner without a bond hearing. (*Id*.) Respondents make no effort to distinguish this current case from the numerous cases finding this legal position to be incorrect and the detention unlawful. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Accordingly, Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

However, that is not the end of the inquiry. The record indicates that Petitioner was recently arrested and convicted of assault on a family member in violation of Tex. Pen. Code § 22.01(a)(1). (Doc. 9 at 14–15, 17.) This Court finds that "Respondents may well have a legitimate interest in Petitioner's detention based on information contained in the arrest report . . . [T]he Immigration Judge may consider them in determining whether and under what conditions to set bond. It is for this reason that while release is often appropriate when the Government has failed to provide a pre-deprivation hearing, balancing the equities and the public interest[] in this case leads the Court to conclude that it is sufficient to provide Petitioner a post-depravation bond hearing . . ." *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026). For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**.

2. The motion to appoint counsel (Doc. 2) is **DENIED**.[3]

3. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

4. **At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this Order to the Immigration Judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6. The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California with a copy of this Order.

7. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: September 28, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE

[3] Petitioner asks this Court to appoint counsel in his habeas action. (Doc. 2.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." As explained above, considering Petitioner's recent conviction, the Court grants in part the habeas petition and orders a substantive bond hearing. Accordingly, the interests of justice do not require appointment of counsel.